## BARNEY HAMPTON V. THE STATE.

No. 16659.   Delivered May 2, 1934.

The opinion states the case.

*Baker & Baker,* of Coleman, for the appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

Will Mathews had some oats stored in a barn near Goldsboro.   At midnight of July 10, 1933, some people living near the barn heard a noise.   Going in the direction of the barn, they saw someone moving a trailer.   Appellant's car was about a hundred yards away from the trailer.   It appears that appellant and Hubert Hammonds were together.   They were placed under arrest.   According to the testimony of the State's witnesses, appellant said that he was sorry "he had done it but that he had two daughters and wife that he had to take care of somehow and that it looked like the only way."   The barn showed evidence of having been broken into, according to State's witnesses, who testified that some oats had been taken from it.   After his arrest appellant carried the trailer with the oats on it to the barn and placed the oats inside.

Appellant testified that the oats on the trailer came from the barn of J. H. Hammonds and not from Mr. Mathews' barn. He denied that he had entered the Mathews' barn and stolen any oats. His testimony was to the further effect that he and Hubert Hammonds, the son of J. H. Hammonds, loaded the oats at Hammonds' barn; that Hubert told him that his father had

given him permission to get the oats; that Hubert Hammonds told him he would give him five dollars to pull the trailer behind his car to the town of Winters; that he had come with his car for the purpose of moving the oats for Hubert Hammonds when neighbors approached and began to shoot at him. Appellant denied that he made any statement to the effect that he had burglarized the Mathews' barn.

The State offered testimony to the effect that the oats on the trailer were of the same character as the oats in the Mathews' barn, and further that the oats in J. H. Hammonds' barn were of a different kind, being dark and damaged.

Bills of exception 10 and 11 present the following occurrence: Appellant offered to prove by J. H. Hammonds that he had given his son Hubert Hammonds permission to get oats out of his (J. H. Hammonds') barn at any time he wanted oats. Further appellant offered to prove by the witness that the oats in his barn and in that of Mathews were alike, being Red Rust Proof. The State's objection to this testimony on the ground that it was irrelevant and immaterial was sustained. We think the testimony was both relevant and material. In Branch's Annotated Penal Code, sec. 97, relevancy is defined as follows: "Relevancy is definied to be that which conduces to the proof of a pertinent hypothesis—a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstances which tends to make the proposition at issue either more or less probable."

In support of the text, the cases of McGuire v. State, 10 Texas App., 127; and Lane v. State, 164 S. W., 380, are cited. The rejected testimony tended to make more probable and reasonable appellant's version of the transaction.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and Remanded*

The foregoing opinion of the Commission of Appeals has been examined by he Judges of the Court of Criminal Appeals and approved by the Court.